# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY A. SHELLY**, | : | **CIVIL ACTION NO. 1:03-CV-0802** |
| | : | |
| Plaintiff | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **PA. DEPT. OF CORRECTIONS** | : | |
| **SECRETARY BEARD**, et al., | : | |
| | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this 13th day of January, 2006, upon consideration of the order of court dated November 8, 2005 (Doc. 70), in which plaintiff was directed to comply with local rules of court and file, on or before November 30, 2005, briefs in opposition to defendants' motions (Docs. 54, 64) for summary judgment, see L.R. 7.5 ("Any party opposing any motion shall file a responsive brief, together with any opposing affidavits, deposition transcripts or other documents, within fifteen (15) days after service of movant's brief.  Any respondent who fails to comply with this rule shall be deemed not to oppose such motion."), and opposing statements of material facts (see Docs. 58, 69), see L.R. 56.1 ("The papers opposing a motion for summary judgment shall include a separate, short and concise statement of material facts, responding to [the moving party's statement of facts] . . . .  All material facts set forth in the [moving party's statement] will be deemed admitted unless controverted by the statement required to be served by the opposing party."), and advising plaintiff that failure to comply could result in the dismissal of

this case, see FED. R. CIV. P. 41(b) ("For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (interpreting Federal Rule of Civil Procedure 41(b) as permitting *sua sponte* dismissals by the court); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (identifying six factors relevant to deciding whether to dismiss for failure to prosecute), and it appearing that as of the date of this order plaintiff has not filed briefs in opposition to the motions or opposing statements of facts, that plaintiff, proceeding *pro se* and *in forma pauperis* in this action, was advised of the necessity of filing these documents and is personally responsible for failing to do so, see Poulis, 747 F.2d at 868 (identifying "extent of the party's personal responsibility" as first factor), that plaintiff's conduct has prejudiced defendants by requiring them to assume the cost of continued preparation for trial without prompt resolution of the likely meritorious motions for summary judgment, see id. (identifying "[p]rejudice to the adversary" as second factor), that plaintiff's failure to file briefs in opposition (see Docs. 54, 64), opposing statements of material facts (see Docs. 58, 59), or to respond to any of defendants' last twelve motions (see Docs. 31, 35, 37, 38, 40, 49, 51, 53, 54, 55, 60, 62) constitutes a history of dilatoriness,[1] see Poulis, 747 F.2d at 868 (identifying "history of dilatoriness" as third factor), that plaintiff's failure to comply with the order of court directing him to file briefs in

---

[1] Plaintiff has not filed anything with the court since October 2003. (See Doc. 25.)

opposition and opposing statements of facts and advising him that inaction could result in dismissal of the complaint constitutes willful disregard of the court's authority, see Poulis, 747 F.2d at 868-69 (identifying "willful" or "bad faith" conduct as fourth factor), that admission of certain facts or evidence or assessment of costs against plaintiff would be ineffective to deter plaintiff's conduct because plaintiff has already been deemed not to oppose the motions[2] and because plaintiff is proceeding *in forma pauperis* in this action, see id. at 869 (identifying availability of "[a]lternative sanctions" to dismissal as fifth factor), and that the majority of the claims of the complaint are likely without merit under 42 U.S.C. § 1983 (see Docs. 56, 68), see Poulis, 747 F.2d at 869-70 (identifying "[m]eritoriousness of the claim" as sixth factor); see also 42 U.S.C. § 1997e (requiring prisoners to exhaust administrative remedies prior to filing suit); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976) ("[I]n § 1983 suits liability may not be imposed on the traditional standards of respondeat superior."), it is hereby ORDERED that the above-captioned action is DISMISSED for failure to prosecute. See FED. R. CIV. P. 41(b).  The Clerk of Court is directed to CLOSE this case.

                 S/ Christopher C. Conner
                CHRISTOPHER C. CONNER
                United States District Judge

---

[2] See L.R. 7.6 ("Any respondent who fails to [file a brief in opposition] shall be deemed not to oppose such motion."); id. 56.1 ("All material facts set forth in the statement filed] by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.")).